IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:CR-01-00310 |
| | : | |
| v. | : | 4:CV-07-172 |
| | : | |
| GARY RHINES, | : | (Judge McClure) |
| | : | |
| Defendant. | : | |

**O R D E R**

February 28, 2007

Gary Rhines was sentenced by this court on July 1, 2004 to be imprisoned for the remainder of his natural life. On direct appeal, the conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit on August 5, 2005. Rhines then petitioned the United States Supreme Court for a writ of certiorari, which was denied on February 21, 2006. The United States Supreme Court then denied a rehearing on June 5, 2006.

On January 29, 2007, Rhines, proceeding pro se, filed several motions. He filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Rec. Doc. No. 211.) He filed an "original petition for habeas corpus, request for dismissal of indictment and conviction, and request for declaratory judgment."

1

(Rec. Doc. No. 213.)  Finally, he requested a "clarification of the court's authority."  (Rec. Doc. No. 212.)

On February 1, 2007, the court gave Rhines the notice required by <u>United States v. Miller</u>, 197 F.3d 633 (3d Cir. 1999).  On February 23, 2007, Rhines filed his Notice of Election which indicated his choice to withdraw his motions and file one all-inclusive motion under § 2255.  (Rec. Doc. No. 217.)  The same day, Rhines filed his all-inclusive § 2255 motion (Rec. Doc. No. 219.) and its supporting brief (Rec. Doc. No. 220).  He also filed a motion for leave to file an amended motion (Rec. Doc. No. 218) and a motion for an evidentiary hearing (Rec. Doc. No. 221).

In his motion for leave to file an amended motion, Rhines requests an additional sixty days to file an amended § 2255.  Because the Supreme Court denied a rehearing on June 5, 2006, which may well be construed as the date his conviction and sentence became final, such a new filing would be within the one year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996.  Furthermore, the gravity of Rhines' sentence weighs in favor of allowing Rhines the additional sixty days.  Therefore, we will give Rhines an additional sixty days to file an amended § 2255.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant shall file his amended § 2255 motion on or before April 30, 2007.

2. Failure of Rhines to comply with this order will result in the Court's ruling on the § 2255 motion as filed.

3. Rhines original motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Rec. Doc. No. 211), his "original petition for habeas corpus, request for dismissal of indictment and conviction, and request for declaratory judgment" (Rec. Doc. No. 213), and his request for "clarification of the court's authority" (Rec. Doc. No. 212), are deemed withdrawn.

      s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge