IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:CR-01-00310 |
| | : | |
| v. | : | |
| GARY RHINES, | : | (Judge McClure) |
| | : | |
| Defendant. | : | |

**M E M O R A N D U M**

July 21, 2008

**BACKGROUND:**

On April 22, 2002, a jury found Gary Rhines guilty of one count of
possession with intent to distribute fifty (50) grams of cocaine base in violation
of 21 U.S.C. § 841(a)(1).  On July 1, 2004, Rhines was sentenced by this court
to be imprisoned for the remainder of his natural life.  On August 5, 2005, the
United States Court of Appeals for the Third Circuit affirmed the conviction
and sentence.  On February 21, 2006, the United States Supreme Court denied
Rhines' petition for a writ of certiorari.  On June 5, 2006, the Supreme Court
denied a rehearing.

On April 25, 2007, Rhines filed a motion under 28 U.S.C. § 2255.  On
May 16, 2007, we denied the motion.  On June 1, 2007, Rhines filed a "Motion
to Alter or Amend Judgment."  On June 5, 2007, we denied the motion.  On

September 27, 2007, the Third Circuit denied Rhines' request for a certificate of appealability.

On July 16, 2008, Rhines filed a "Motion to Modify Sentence Pursuant to the Sentencing Commission Crack Cocaine Amendment."  (Rec. Doc. No. 241.)  For the following reasons, we will deny the motion.

**DISCUSSION:**

Amendment 706 to the United States Sentencing Guidelines is a retroactive amendment that reduces the offense level for drug distribution and conspiracy offenses involving cocaine base by two offense levels.  See U.S.S.G. § 1B1.10(c).  Despite Rhines' assertion that he qualifies for such an adjustment, it is clear that he does not.

Rhines was sentenced to a mandatory life sentence because he had two prior felony drug offenses and was convicted of possession with intent to distribute fifty (50) grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).  Section 841(b) provides that an individual who is convicted of possession with intent to distribute fifty grams of cocaine base after two or more prior convictions for a felony drug offense "shall be sentenced to a mandatory term of life imprisonment without release."  Therefore, because the

2

jury convicted Rhines and the government had provided notice of his prior convictions under § 851(a), this court had no option but to sentence Rhines to a term of life imprisonment.

Even though Amendment 706 is retroactive, it does not provide any relief to Rhines.  This is because Rhines' sentence was dictated by the statute, not by the sentencing guidelines.  In other words, if Rhines were convicted today of the same offense with the same prior drug offenses, his sentence would still be a mandatory life sentence even under the new sentencing guidelines.  Therefore, we will deny Rhines' request to modify his sentence.

Finally, we note that Rhines also argues that the sentencing ratios concerning cocaine base versus cocaine powder should be declared unconstitutional in violation of Rhines' right to equal protection.  We have already rejected this argument in Rhines' § 2255 motion, citing Third Circuit precedent that the ratio does not violate the Equal Protection Clause.  United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992).

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge