IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Civ. No. 4:01-CR-00310 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| GARY RHINES, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

November 9, 2009

**BACKGROUND:**

Gary Rhines was sentenced by this Court on July 1, 2004, to be imprisoned for the remainder of his natural life. On direct appeal, the conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit on August 5, 2005. Rhines then petitioned the United States Supreme Court for a writ of certiorari, which was denied on February 21, 2006. The United States Supreme Court then denied a rehearing on June 5, 2006.

By a letter dated October 30, 2009, Rhines, proceeding pro se, sent two Freedom of Information Act ("FOIA") requests to this Court. Both of Rhines' FOIA requests are directed toward the Executive Office for United States

Attorneys. In his letter, Rhines requests that this Court provide the United States Attorney's Office with both of his FOIA requests as, he alleges, the United States Attorney's Office did not honor his last request. In addition, Rhines requests that this Court add his FOIA requests to his criminal docket sheet.

**DISCUSSION:**

According to 5 U.S.C. § 552(a)(6)(A)(I), an agency, "upon any request for records . . . shall determine within 20 days . . . after the receipt of any such request whether to comply with such request . . . ."[1] In addition, the agency "shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination . . . ." Id. If the individual does choose to appeal to the head of the agency after the agency's initial determination, "the agency must make a determination with respect to any appeal within twenty days . . . after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii). If the individual fails in whole or in part in his or her appeal, "the agency shall notify the person making such request of the provisions for judicial review of that determination . . . ." Id.

---

[1] This twenty day period will begin "on the date on which the request is first received by the appropriate component of the agency"; however, this period will begin no "later than ten days after the request is first received by any component of the agency that is designated in the agency's regulations . . . to receive requests . . . ." 5 U.S.C.§ 552(a)(6)(A)(ii).

Judicial review by a federal district court is made de novo. 5 U.S.C. § 552(a)(6)(B). A federal district court will have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Id. Such jurisdiction by a district court will result if the complainant resides in the court's district or if the complainant's principal place of business is located in the court's district. Id. Jurisdiction will also result in the District of Columbia. Id. In order for a plaintiff to seek district court review of a FOIA request, the plaintiff must have exhausted his or her administrative remedies. See Sindram v. Fox, 2007 U.S. Dist. LEXIS 80545, *8 (E.D. Pa. 2007) (citing Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 366 (D.C. Cir. 1985)). Other circuits have clearly stated that exhaustion of administrative remedies is a prerequisite to review by a federal court. See, e.g., Taylor v. Appleton, 30 F.3d 1365, 1368 (11th Cir. 1994) (noting that "[t]he FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts"); Brumley v. U.S. Dep't of Labor, 767 F.2d 444, 445 (8th Cir. 1985) (disagreeing that "exhaustion of administrative avenues of appeal is not a prerequisite to suit under FOIA")).

We cannot grant Rhines' informal request, in the form of a letter, asking this Court to honor his FOIA requests. Rhines' letter is merely informal

3

correspondence; to place an issue properly before this Court, Rhines would have to file a civil complaint with an appropriate filing fee or an application to proceed in forma pauperis. We simply cannot consider such informal correspondence, in the form of a letter, to be a complaint alleging the improper refusal of the United State Attorney's Office to comply with Rhines' FOIA requests.

Even if this Court were able to consider Rhines' letter as a properly filed complaint, we would not be inclined to grant his request. As it appears that Rhines made the instant requests as recently as October 30, 2009, this Court would not have the power to hear any appeal by Rhines. In fact, it does not appear as though Rhines has provided the United States Attorney's Office with sufficient time to respond to his request; at the very least, in his letter to this Court, Rhines has failed to allege that he has exhausted administrative remedies. See Sindram, 2007 U.S. Dist. LEXIS 80545 at *9 (dismissing the claimant's FOIA action in light of his failure to allege "exhaustion of administrative remedies").[2]

In light of the above, Rhines' request that this Court honor his FOIA requests must be denied. Upon the docketing of this Memorandum and Order, the

---

[2] We would also note that the FOIA is concerned with the disclosure of records, and an individual making a request for such records must describe those records "in enough detail to enable Department personnel to locate them with a reasonable amount of effort." See 28 C.F.R. § 16.3(b).

United States Attorney's Office will automatically receive copies of Rhines' FOIA requests.  If and when Rhines does desire to file a civil complaint with this Court concerning his FOIA requests, Rhines must allege his exhaustion of remedies and provide the relevant agency with the proper amount of time in which to respond to his FOIA requests.

                               s/ James F. McClure, Jr.
                               James F. McClure, Jr.
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| | : | Civ. No. 4:01-CR-00310 |
| v. | : | (Judge McClure) |
| GARY RHINES, | : | |
| Defendant. | : | |

**O R D E R**

November 9, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk is directed to docket Defendant's letter dated October 30, 2009, together with all attachments, as correspondence.

2. Defendant's request that this Court honor his FOIA requests is **DENIED**.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge