IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

GARY RHINES,
Defendant.

Case No.: 4:CR-01-0310

FILED
WILLIAMSPORT, PA
MAR 12 2012
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

MOTION FOR REDUCTION OF SENTENCE BASED ON GUIDELINE AMENDMENT 750 EFFECTIVE NOVEMBER 1, 2011, CONCERNING REDUCTIONS TO THE CRACK COCAINE OFFENSE(S) GUIDELINES PURSUANT TO 18 U.S.C. § 3582(c)(2) and § 1B1.10 OF THE UNITED STATES SENTENCING GUIDELINES.

NOW COMES, the Defendant, GARY RHINES, proceeding pro se (hereinafter "Mr. Rhines" or "Rhines"), and respectfully moves this Honorable Court, pursuant to 18 U..S.C. § 3582(c)(2) and § 1B1.10 of the Sentencing Guidelines which became effective November 1, 2011, concerning reduction to the crack cocaine offense guidelines.

In support thereof, Mr. Rhines states as follows:

1. On July 1, 2004, Rhines was sentenced by this Honorable Court to be imprisoned for the remainder of his natural life, on one count of possession with intent to distribute Fifty (50) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and § 841(b)(1)(A)(iii), § 851, § 861(a)(1) and (d)(1), and 18 U.S.C. § 2.

2. Pursuant to the Presentence Report as adopted by this Honorable Court in the Judgment entered in this action, the quantity of cocaine base ("Crack") alleged to be involved in Rhines' offense was 66grams.

3. Applying the applicable provisions of the Guidelines as they existed on the date of Rhines' sentence, the 66 grams of cocaine base, translated into a base offense level, as calculated by the Probation Department, of thirty (30). Rhines' total adjusted offense level, based upon various sentencing factors, was

1

found to be thirty-seven (37) by the Probation Department. However, it should be duly noted, that pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) in conjunction with 21 U.S.C. § 851, this Court imposed a mandatory life sentence.

4. Effective November 1, 2011, Section 2D1.1(c) of the Sentencing Guidelines was amended by deleting the language which caused the 100-to-1 ratio for crack versus powder cocaine offenders, and lowered it to 18-to-1.

5. As established under § 1B1.10 of the Sentencing Guidelines, this amendment is to be applied retroactively.

6. When Rhines' base offense level is recalculated in accordance with the language of the amendment, the amount of cocaine base involved in the instant action would be 66 grams.

7. Under the Drug Quantity Table, as outlined in § 2D1.1 of the Sentencing Guidelines, the base offense level for an offense involving at least 66 grams of cocaine base ("crack") is Level 26.

8. Therefore, Rhines is entitled to be resentenced under the retroactively applied amendment.

9. At the original sentencing, Rhines' offense level was increased by seven levels for various sentencing factors of no issue here, in the motion at bar.

10. Because Rhines' base offense level as amended is Level 26, for purposes of resentencing, Rhines' adjusted offense level would be 33.

11. No other factors are present justifying any other change in the computation of Rhines' offense level.

12. After the appropriate adjustments are calculated, Rhines' offense level for purposes of resentencing is Level 33.

13. Rhines' criminal history computation remains a Category IV as computed in the Presentence Report.

14. The appropriate guideline range for an Offense Level 33 with a Criminal

History Category of IV is 235 to 293 months.

15. At Rhines' Sentencing on July 1, 2004, this Honorable Court imposed a mandatory life sentence as Rhines' sentence.

16. If this honorable Court maintains its position and imposes the high end of the new range, 293 months, Rhines believes that his release date would be approximately.

## CONCLUSION

WHEREFORE, based on the foregoing facts and the accompanying MEMORANDUM OF POINTS AND AUTHORITIES, this Honorable Court is respectfully urged to reduce Rhines' and enter a new Judgment in a Criminal Case reflecting said change in Rhines' sentence, and any other and further relief which this Honorable Court deems just and fair.

## DECLARATION

I, GARY RHINES, swear that all of the foregoing is true, correct, and accurate, to the best of my firsthand knowledge and recollection, and not intended to mislead or deceive anyone, pursuan t to 28 U.S.C. § 1746.

By: _____
GARY RHINES

Dated: March 8, 2012

Respectfully Submitted,
_____
GARY RHINES, pro se
# 10496-067
USP CANAAN
P.O. BOX 1033
WAYMART, PA 18472

3

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2)</u>

I. <u>18 U.S.C. 3582(c)(2)</u>.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited cicumstances. § 3582(b). Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). In such cases, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the "modif[ication of] a term of imprisonment" by giving courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission. Compare 28 U.S.C. § 994(a)(2)(c)(referring to § 3582(c)(2) as a "sentence modification provisio[n]"), with 18 U.S.C. § 3742(F) (authorizing courts of appeals to remand "for further sentencing" upon a finding of error), and § 3742(g)(establishing the terms of "sentencing upon remand" and describing the proceedings as a "resentenc[ing]" (capitalization omitted)). It is also notable that the provision applies only to a limited class of prisoners -- namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission. Section 3582(c)(2)'s text, together with its narrow scope, show that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.

1

The substantial role Congress gave the Commission with respect to sentence-modification proceedings further supports this conclusion. The Sentencing Reform Act charges the Commission both with deciding whether to amend the Guidelines, § 994(o), and with determining whether and to what extent an amendment will be retroactive, § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive. This Court is also constrained by the Commission's statements dictating "by what amount" the sentence of a prisoner serving a term of imprisonment affected by the amendment "may be reduced." § 994(u); see also Braxton v United States, 500 U.S. 344, 348 (1991)(noting that the Commission implemented that power through § 1B1.10).

Read in this context, § 3582(c)(2)'s reference to § 3553(a) does not undermine Rhines' narrow view of proceedings under the former provision. Section 3582(c)(2) instructs this Court to "conside[r] the factors set forth in Section 3553(a) to the extent that they are applicable." but it authorizes a reduction on that basis only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" 4- namely, § 1B1.10. The statute thus establishes a two-step inquiry. This Court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).

Following this two-step approach, this Court's proceeding under § 3582(c)(2) does not impose a new sentence in the unusual sense. At step one, § 3582(c)(2) requires this Court to follow the Commission instruction in § 1B1.10 to determine Rhines' eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires this Court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant"

2

had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provision that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.

Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).

At step two of the inquiry, § 3582(c)(2) instructs this Court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Applying these principles to the case sub judice, being that Mr. Rhines was convicted of possession with intent to distribute fifty (50) grams or more of cocaine base ("crack"), which Amendment 750 reduces the Guidelines for sentence ranges punishing these type of offenses, as long as this Honorable Court does not sentence Rhines below 235 months, pursuant to it substituting the amended guideline range as if the relevant amendment been in effect at the time of the initial sentencing, there is no limit to the amount of information

3

that this Court can consider pursuant to § 3553(a), and in its discretion, give reduction to Rhines' sentence, in whole or in part. Consistent with this analysis, Rhines would like to present to this Court, a mixture of fact and law, concerning the § 3553(a) factors, and why this Court can give the reqested reduction, <u>infra</u>.

II. <u>18 U.S.C. § 3553(a)</u>

According to the statute, this Court shall consider:

> "(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> "(2) the need for the sentence imposed -
>   "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   "(B) to afford adequate deterrence to criminal conduct;
>   "(C) to protect the public from further crimes of the defendant; and
>   "(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> "(3) the kinds of sentences available;
>
> "(4) the kinds of sentence and the sentencing range established for -
>   "(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
>
>   "(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission, pursuant to section 994(a)(3) of title 28, United States Code;
>
> "(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced;
>
> "(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been

4

> found guilty of similar conduct; and
>
> "(7) the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a).

Pursuant to the limitations of 3553(a), in conjunction with 18 U.S.C. § 3661, there are no limitations to the factors that this Court can consider in decideing what type of and/or the amount of the reduction, up to the limit of the low end of the amended guideline range, i.e., 235 months. Moreover, Rhines asserts that even though this Honorable Court imposed a non-guideline, statutory mandatory minimum sentence of life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), if it so chooses, especially in lieu of the facts and law that Mr. Rhines is going to present in subsection III, it can give Mr. Rhines an imposed sentence less than that prescribed by the statute, pursuant to the discretionary authority vested in it, pursuant to 18 U.S.C. § 3553(a). United States v Forrest, 402 F.3d 678, 691 (CA6 2005). In support of this premise Mr. Rhines directs this Honorable Court's attention to the case of United States v Thomas, 402 F.3d 678, 691 (CA6 2005), wherein the court noted that the United States Sentencing Guidelines Manual imposed significantly greater penalties for crimes relating to crack cocaine than to crimes relating to other forms of cocaine, which happens to be the reason for the current Amendment 750 to the crack cocaine guidelines, as was Amendment 706. However, the Thomas case exhibited a lack of precision regarding this distinction. The record was not sufficiently clear for the court to have concluded that the jury found beyond a reasonable doubt that defendant was guilty of possessing and distributing crack cocaine, as opposed to the generic cocaine base, similar to one of the arguments that Rhines raised on direct appeal. Thus, the Thomas court used the more lenient Sentencing Guidelines governing cocaine that was not crack cocaine. In doing so, the Thomas court ruled that it doing so did

not seriously impact the defendant's sentence due to the defendant's extensive criminal history. Furthermore, it should be duly noted by this Honorable Court that the Thomas court did this even though the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii) would have generated a sentencing range of 360 months to life, under the factors of 18 U.S.C. § 3553(a), the Thomas court concluded that the sentence of 262 months, that it imposed, was reasonable. It noted that similar to Rhines' current situation, only Thomas' repeat offender status, and not the nature and circumstances of the specific offenses, demanded a severe penalty, along with the fact that a sentence of 262 months promoted respect for the law, provided adequate deterrence, and insured protection of the public. Thus, if this Court did not know that it had the discretionary authority to sentence Rhines to a sentence less than the statutory, mandatory minimum, Thomas enlightens the Court to the full extent of its power.

Moreover, similar to the case of United States v Miller, 2010 U.S. Dist. LEXIS 79763 (D. Minn. 2010), Rhines asserts that his case "represents a singular and unique exception" to impose a sentence below the statutory mandatory minimum in a § 3582(c)(2) proceeding, because of the fact that 1.) U.S.S.G. § 2D1.1 "played a role" in Rhines' sentence (see pg. 8 of Sentencing Transcripts), being that this Court adopted "the presentence report and guideline application without change [,]" and 2.) as will be shown in subsection III, Rhines truly, pursuant to the applicable law, does not qualify to be considered a repeat drug offender under 21 U.S.C. § 841(b)(1)(A)(iii), and in order to correct the manifest injustice of Rhines being erroneously being classified as such, this Honorable Court should resentence him, pursuant to the amended guideline range. See United States v Poindexter, 550 F.Supp.2d 578, 580 (E.D. Pa. 2008) (reducing career offender's sentence pursuant to crack cocaine amendment finding

§ 2D1.1 "played a role" in defendant's sentence); see also Freeman v United States, No. 09-10245 (June 23, 2011)("Congress enacted 3582(d)(2) to remedy systematic injustice"; "Section 3582(c)(2) empowers district court judges to correct sentences that depend on frame work that later prove unjustified. There is no reason to deny 3582(c)(2) relief to defendant's who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range."). As a matter of fact, Rhines would have no gripes with this Honorable Court imposing a sentence of 293 months (24 years, 5 months), which certainly and absolutely adequately reflects the seriousness of the offense and provides just punishment. In addition, such a sentence takes into full consideration, 1.) the specific circumstances of the crime; 2.) Rhines' repeat offender status; 3.) Rhines' age upon release; 4.) Rhines' family and personal history; 5.) deterrent value; and 6.) protection provided to the public by this sentence.

Moreover, Rhines asserts that a mandatory life sentence without the possibility of parole is vastly too long a sentence for him, quite possibly violative of the Eighth Amendment. See, e.g., Graham v Florida, 130 S.Ct. 2011, 2031 (2010)(discussing severity of life without parole sentence for nonhomocide offenders). Rhines bases this assertion upon the fact that the Supreme Court has said that the relevant clearly established law regarding application of the Eighth Amendment's proscription against cruel and unusual punishment to sentences of imprisonment is a "gross disproportionality principle that can be invoked only in "exceedingly rare" and "extreme" cases, such as this one. Lockyer v Andrade, 538 U.S. 63, 73-76 (2003). This principle "does not require strict proportionality between crime and sentence," but it does forbid "extreme sentence that are grossly disproportionate to the crime." Graham v Florida, supra, at 2021 (quoting Harmelin v Michigan, 501 U.S. 957, 1001 (1991)(Kennedy,

7

J., concurring)(internal quotation marks omitted)). Also, being that the mandated sentence, from Rhines' perspective, seems to have broken this Honorable Court's heart in having to impose the life sentence against Rhines, totally against simple justice and common decency, now based upon all of the above, in harmony with what's to come, this Honorable Court has ample reasons, based upon law and fact, to remove the pain from its heart, and afford Rhines the opportunity to see if he can be a decent, law-abiding citizen, towards the golden years of his life.

### III. What A Court Must Consider

First and foremost, Rhines would like to point out that this Honorable Court must, in every case, impose "a sentence sufficient but not greater than necessary, to comply with" the purposes of federal sentencing, in light of the guidelines and other relevant factors, including the statute that he is charged with. Cf., 18 U.S.C. § 3553(a)(b)("The need to avoid unwarranted sentence disparities among defendants with similar record who have been found guilty of similar conduct"). The guideline provides a framework or starting point basis, in the term "common sense" meaning for the judge's exercise of discretion.

#### a. This Court Should Order A New Presentencing Report And/Or Grant An Evidentiary Hearing.

Rhines asserts that courts routinely ordered hearings to assist in deciding § 3582(c)(2) motions for new sentences even before U.S.S.G. § 1B1.10 was revised, to "invite the sentencing" to deny or reduce relief. See, e.g., Queseda-Mosquera v United States, 243 F.3d 685 (CA2 2001). At least one has already done so in this context. See, e.g., United States v Moore, 2008 WL 161688, *2 (S.D. 2008)(ordering a hearing to be scheduled following receipt of a new Presentence Investigation Report). United States v Polanco, 2008 WL 144825, *2 (S.D.N.Y. 2008)(same). A new PSR and hearing is necessary in this case because the presentation of new facts and arguments not considered in Rhines' original sentence

8

are crucial to his section 3582(c)(2) process and result. See <u>Miller v United States</u>, 2010 U.S. Dist.Lexis 79763 (D.Minn. 2010), granting section 851 offender section 3582(c)(2) motion, because the original sentence did not consider the crack/powder cocaine disparity - a disparity that Congress and the Sentencing Commission have repeatedly attempted to resolve. There are also other factors that this Honorable Court failed to consider in imposing sentence. One thing that this Court failed to consider is the fact that none of Rhines prior convictions classify as felonies under federal law, and as such, can not be used in a 21 U.S.C. § 851 information to invoke the enhanced penalties of 21 U.S.C. § 841(b)(1)(A)(iii). Rhines' bases this premise upon the recent Supreme Court case <u>Carachuri-Rosendo v Holder</u>, 2010 U.S. LEXIS 4764 (2010).

In <u>Carachuri-Rosendo</u>, petitioner, a lawful permanent resident of the United States, faced deportation after committing two misdemeanor drug offenses in Texas. For the first, possession of a small amount of marijuana, he received 20 days in jail. For the second, possession without a prescription of one antianxiety tablet, he received 10 days. Texas law, like federal law, authorized a sentencing enhancement if the State proved that petitioner had been previously convicted of a similar offense, but Texas did not seek such an enhancement here. After the second conviction, the Federal Government initiated removal proceedings. Petitioner conceded that he was removable, but claimed that he was eligible for discretionary cancellation of removal under the Immigration and Nationality Act (INA) because he had not been convicted of any "aggravated felony," 8 U.S.C. § 1229b(a)(3). Section 1101(a)(43)(B) defines that term to include, <u>inter alia</u>, "illicit trafficking in a controlled substance... including a drug trafficking crime" as defined 18 U.S.C. § 924(c), which, in turn, defines a "drug trafficking crime" as a "felony punishable under," <u>inter alia</u>, "the Controlled Substances Act (21 U.S.C. § 801 et. seq.)." A felony is a crime for which the "maximum

9

term of imprisonment authorized" is "more than one year." § 3559(a). Simple possession offenses are ordinarily misdemeanors punishable with shorter sentences, but a conviction "after a prior conviction under this subchapter [or] the law of any State.... has become final" -- a "recidivist" simple possession offense -- is "punishable" as a "felony" under § 924(c)(2) and subject to a 2-years sentence. Only this "recidivist" simple possession category might be an "aggravated felony" under 8 U.S.C. § 1101(a)(43). A prosecutor must charge the existence of the prior conviction. See 21 U.S.C. § 851(a)(1). Notice and an opportunity to challenge its validity, §§ 851(b)-(c), are mandatory prerequisites to obtaining a punishment based on the fact of the prior conviction and necessary prerequisites to "authorize" a felony punishment, 18 U.S.C. § 3559(a), for the simple possession at issue.

In Carachuri-Rosendo the Immigration judge held that petitioner's second simple possession conviction was an "aggravated felony" that made him ineligible for cancellation of removal. The Board of Immigration Appeals and Fifth Circuit affirmed. Relying on the holding in Lopez v Gonzales, 549 U.S. 47, 56 (2006) -- that to be an "aggravated felony" for immigration law purposes, a state drug conviction must be punishable as a felony under federal law -- the court used a "hypothetical approach," concluding that because petitioner's "conduct" could have been prosecuted as a recidivist simple possession under state law, it could have also been punished as a felony under federal law. However, opposite of this, the Supreme Court reversed, and held that second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when, as in this case, the state conviction is not based on the fact of a prior conviction. The Supreme Court stated that considering the disputed provisions' terms and their "commonsense conception," Lopez, 549 U.S. at 53, it would be counterintuitive and "unorthodox" to apply an "aggravated felony" or "illicit trafficking" label to petitioner's recidivist possession, see id, at 54. The same is true for his

penalty. One does not usually think of a 10-day sentence for unauthorized possession of one prescription pill as an "aggravated felony." The Supreme Court stated that it must be very wary in this case because the Government seeks a result that "the English language tells [the Court] not to except."

Speaking against this "hypothetical approach", the Carachuri-Rosendo Court explained that, "Except for simple possession of crack cocaine or Flunitrazepam, a first-time simple possession offense is a federal misdemeanor; the maximum term authorized for such a conviction is less than one year. 21 U.S.C. § 844(a). However, a conviction for a simple possession offense "after a prior conviction under this subchapter [or] under the law of any State . . . has become final" -- what we will call recidivist simple possession -- may be punished as a felony, with a prison sentence of up to two years. Thus, except for simple possession offenses involving isolated categories of drugs not presently at issue, only recidivist simple possession possession offenses are "punishable" as a federal "felony" under the Controlled Substances Act, 18 U.S.C. § 924(c)(2). And thus only a conviction within this particular category of simple possession offenses might, conceivably, be an "aggravated felony" under 8 U.S.C. § 1101(a)(43).

"For a subsequent simple possession offense to be eligible for an enhanced punishment, i.e., to be punishable as a felony, the Controlled Substances Act requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea. See 21 U.S.C. § 851(a)(1). Notice, plus an opportunity to challenge the validity of the prior conviction used to enhance the current conviction, §§ 851(b)-(c), are mandatory prerequisites under federal law to "authorize" a felony punishment, 18 U.S.C. § 3559(a), for the type of simple possession at issue in this case." Id. at *4 (emphasis in original).

Moreover, the Supreme Court made reference and built its opinion off of Lopez v Gonzales, 459 U.S. 47, 56, wherein in Carachuri-Rosendo, the Supreme

11

Court stated that in <u>Lopez v Gonzales</u>, supra, it determined that, "in order to be an aggravated felony" for immigration law purposes, a state drug conviction must be punishable as a felony under <u>federal</u> law. We held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under federal law, and this prevented the state conviction from qualifying as an aggravated felony for immigration law purposes. <u>Id</u>., at 55, 127 S.Ct. 626, 166 L.Ed.2d 462 ("Unless a state offense is punishable as a federal felony it does not count")... . . . [U]nless the State successfully sought to impose punishment for a recidivist drug conviction, . . . . ...a state simple possession "conviction cannot 'proscribe conduct punishable as' recidivist possession" under federal law." <u>Id</u>. at *6 and *13.

All of this being stated, Rhines would like to briefly direct this Honorable Court's to some of the facts of <u>Lopez v Gonzales</u>, wherein Petitioner Lopez, pleaded guilty to South Dakota charges of aiding and abetting another person's possession of cocaine, about 5 grams worth, which the South Dakota law treated as the equivalent of possessing the drug, a felony under South Dakota law, which resulted in Lopez being sentenced to five years imprisonment, of which he served 15 months, per good conduct release. This is very similar to Rhines prior convictions of Delivery of a Controlled Substance, and Possession with Intent to Deliver a Controlled Substance. Delivery is the virtual equivalent of aiding and abetting another person's possession of cocaine, being that in order for another person to possess cocaine, it has to be delivered to him by a separate individual. Based upon this, along with the fact that the Commonwealth of Pennsylvania did not base any of its charges or punishment on any of Mr. Rhines' prior conviction, combined with the fact that each of his prior convictions involved extremely small amounts of cocaine - all less than 5 grams - means that these prior convictions would be considered misdemeanors under federal law, and as such, they are unable

12

to be utilized as felonies in the 21 U.S.C. § 851 information lodged against Rhines. This is especially true, based upon the remedial holding of Carachuri-Rosendo and Lopez v Gonzales, supras. See, also United States v Ramon-Rodriguez, 492 F.3d 930, 940 (CA8 2007), wherein it was held that federal rather than state law determines whether a prior proceeding resulted in a qualifying predicate under 21 U.S.C. § 841(b)(1)(A). Mr. Rhines asserts that based upon all of this that none of his prior convictions constitute a felony under federal law, and as such, they cannot be used in a 21 U.S.C. § 851 to empower the Government and this Court to impose a mandatory life sentence without the possibility of parole.

Mr. Rhines further asserts that in Carachuri-Rosendo, the Supreme Court castigated the government's "hypothetical approach" as igniting both the conviction . . . and the conduct actually punished by the State offense, the Supreme Court held that "the mere possibility that the defendant's conduct, coupled with fact outside of the record if convicted, could have authorized a felony conviction under federal law is insufficient...." Id. at *31. The Supreme Court underscored the infirmity of the government's arguments in that "it focuses on facts known to the immigration court that could have but did not serve as the basis for the state conviction and punishment. Id. at 27 (emphasis in original). Read properly, Carachuri-Rosendo supports that a correct calculation on accurate and reliable facts, especially under 18 U.S.C. § 3553(a), are crucial to a § 3582 process and result. See Justice Saclia, in his concurring opinion, noting that "[a] defendant is not "convicted" of sentencing factors, but only of the elements of the crime charged in the indictment." Id. at *39.

Based upon the holding of Carachuri-Rosendo, predicated upon Lopez v Gonzales, Rhines presents - in conjunction and accord with 18 U.S.C. § 3553(a)(1), particularly the history and characteristics of Rhines -- that none of his prior

13

convictions listed in any of the Government's 21 U.S.C. § 851 serve to qualify him as a repeat drug offender, being that they are all considered misdemeanors under federal law, the body of law from which the determinant of what type of prior conviction these are, must come from. As such, Rhines asserts that it was a systematic injustice for this Honorable Court to have found that he qualified as such, based upon the inadvertent deceptions of the Government, in its filing of it's 21 U.S.C. § 851 information. Thus, pursuant to § 3553(a), this Honorable Court can take this and/or these facts into consideration at this time, in its merciful and graceful discretion, correct Rhines' sentence, and re-sentence him to 293 months.

## CONCLUSION

WHEREFORE, based upon all of the foregoing, it is respectfully requested that this Honorable Court grant Mr. Rhines the requested relief, along with all other relief that this Court considers just, equitable, and proper.

## DECLARATION

I, GARY RHINES, swear that all of the foregoing is true, correct, and accurate, to the best of my firsthand knowledge and recollection, and not intended to mislead or deceive anyone, pursuant to 28 U.S.C. § 1746,

By: _____
GARY RHINES

Dated: March 8, 2012

Respectfully Submitted,

_____
GARY RHINES, pro se
# 10496-067
USP CANAAN
P.O. BOX 1033
WAYMART, PA 18472

## CERTIFICATE OF SERVICE

This Certificate of Service hereby certifies that a true, correct, and verified copy of the foregoing was served upon the following, via the mail, pursuant to the United States Postal Service, this the 8 day of March, 2012.

1. UNITED STATES ATTORNEY'S OFFICE
   240 West Third Street, Suite 316
   Williamsport, PA 17701

Respectfully Submitted,

*[signature: Gary Rhines]*
GARY RHINES, pro se
# 10496-067
USP CANAAN
P.O. BOX 300
WAYMART, PA 18472