DLD-109                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2964
_____

UNITED STATES OF AMERICA

v.

GARY RHINES
a/k/a Derrick Upshaw
a/k/a Gary R. Allen
a/k/a Robert Camby

Gary Rhines,
       Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-01-cr-00310-001)
District Judge: Honorable John E. Jones III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2015
Before: FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: February 17, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Gary Rhines appeals the District Court's order denying his motion filed pursuant to Fed. R. Crim. P. 36 as well as his request for counsel. For the reasons below, we will summarily affirm the District Court's order.

In 2002, Rhines was convicted of possession with intent to distribute fifty grams of cocaine base. Because he had two prior convictions for felony drug offenses, he received a mandatory sentence of life in prison. We affirmed the conviction and sentence, see United States v. Rhines, 143 F. App'x 478 (3d Cir. 2005), and the Supreme Court denied certiorari, see Rhines v. United States, 546 U.S. 1210 (2006). In August 2013, Rhines filed a motion to correct a clerical error pursuant to Fed. R. Crim. R. 36. He later requested that counsel be appointed to assist him in filing for commutation of his sentence or a pardon. The District Court denied the Rule 36 motion and the request for counsel, and Rhines filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

The District Court believed that Rhines's request for counsel was based on the Attorney General's proposed amendments to the Sentencing Guidelines for drug offenses. See Dep't of Justice, Office of Pub. Affairs, Attorney General Holder Urges Changes in Federal Sentencing Guidelines, (Mar. 13, 2014)

http://www.justice.gov/opa/pr/attorney-general-holder-urges-changes-federal-sentencing-

guidelines-reserve-harshest.  Under 18 U.S.C. § 3582(c)(2), a District Court has the authority to amend a sentence if it was based on a Guidelines range that has been lowered.  Because the proposed amendments had not yet been passed or retroactively implemented, the District Court denied Rhines's request for counsel as premature.  We agree and note that the sentence here was not based on the Sentencing Guidelines: Rhines's mandatory life sentence was required by statute.  See 21 U.S.C. § 841(b)(1)(A).

Under Fed. R. Crim. R. 36, a District Court may correct a clerical error in a judgment at any time.  Rhines contended that there is a conflict between his criminal judgment which lists August 24, 2001, as the date the offense concluded, and a computer printout from what appears to be the Bureau of Prison's sentence computation that lists his jail credit as starting on August 23, 2001.  The District Court denied the Rule 36 motion on the ground that Rhines is serving a life sentence and a difference of one day in when the sentence began does not change how his sentence is effectuated.

Rhines does not claim that the alleged mistake has prejudiced him in any way or explain why the computer printout from a sentence computation should be considered the more accurate source.  The computer printout also lists August 24th as the "earliest date of offense."  We note that in the indictment, the grand jury alleged that on or about August 24, 2001, Rhines employed a person under the age of eighteen to distribute cocaine base.  Thus, Rhines's alleged arrest on August 23, 2001, would not necessarily conclude the offense since another person was involved.  Further, the alleged error here

does not involve a failure to accurately record an action or statement by the District Court.  See <u>United States v. Bennett</u>, 423 F.3d 271, 277-78 (3d Cir. 2005).

Summary action is appropriate if there is no substantial question presented in the appeal.  <u>See</u> Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.