UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 01-CR-0310 |
|---|---|---|
| v. | : | (Jones, J.) |
| GARY RHINES | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO AMEND VARIOUS CASE DOCUMENTS PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

COMES NOW, the United States of America, by and through undersigned counsel, and files this response to the motion submitted by the defendant in this case, Gary Rhines ("Rhines"), pursuant to Rule 36 of the Federal Rules of Criminal Procedure. For the reasons set forth below, Winkelman's motion should be DENIED.

## PROCEDURAL BACKGROUND

On July 1, 2004, this Court entered a judgment and sentence against Rhines convicting him of possession with intent to distribute and distribution of 50 grams of cocaine base, and the use of persons under 18 years of age. Docket No. 186, *Judgment*. For this crime, this Court sentenced Rhines to life in prison. *Id*. While a Pre-Sentence

1

Report ("PSR") was assembled, this sentence was *not* based on the Sentencing Guideline calculation contained therein, but rather was imposed under the statutory provisions of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851(a). PSR ¶ 45. This fact was explicitly discussed at Rhines's sentencing hearing. *See Transcript of Sentencing*, Rec. Doc. No. 261 at 5.

On appeal, this judgment and sentence was affirmed. *United States v. Rhines*, 143 Fed. Appx. 478 (3d Cir. 2005).

On May 15, 2015, Rhines filed the instant motion seeking to amend or correct three documents in his criminal record: the judgment, the PSR, and the indictment. This response is filed in opposition to that motion.

## FACTUAL BACKGROUND

On September 27, 2001, a grand jury in the Middle District of Pennsylvania issued an indictment naming, among others, Rhines as a defendant. *Indictment*, Rec. Doc. No. 1. Relevant to this motion, Count Three of that indictment charged Rhines and his three co-defendants with possession with intent to distribute and actual distribution of in

2

excess of 50 grams of cocaine base, as well as the employment or use of a person under 18 years of age. *Id.* This count indicated that the criminal action took place "on or about the 24th day of August 2001." *Id.*

At some point during trial, though undersigned counsel has been unable to locate exactly where, counsel apparently stipulated that the August 24, 2001 date contained at Count Three should have read August 23, 2001. *See Order*, Rec. Doc. No. 119 at 6 n. 1.

Prior to trial, the government, pursuant to 21 U.S.C. § 851, provided notice to the Court and defense listing three of Rhines's prior felony drug convictions. *Information of Prior Convictions*, Rec. Doc. No. 70. This had the effect of requiring a statutory minimum life sentence if Rhines was convicted on Count Three. At the conclusion of trial, Rhines was found guilty on Count Three. *Verdict*, Rec. Doc. No. 98.

Following the verdict, the United States Probation Office prepared a PSR and calculated Rhines's sentencing guideline range. As Rhines was found to have a total offense level of 37 and criminal history category of VI, the guidelines called for a sentence ranging from 360 months to life. PSR ¶¶ 17, 27, 46. That being said, the Probation Office

noted that this calculation was trumped by the mandatory life sentence dictated by statute. PSR ¶ 45.

At the sentencing hearing, defense counsel and the Court briefly discussed objections to the PSR, but ultimately it was made clear that any discussions on the disagreement with the guidelines calculation was of limited value as the ultimate sentence was dictated by statute. *Transcript of Sentencing*, Rec. Doc. No. 261 at 5-8. As a result, the District Court stated the following:

> That being the case, the Court adopts the presentence report and guideline application without change. That results under the guidelines with a total offense level of 37, a criminal history category of four. The net result, however, is a mandatory life imprisonment by virtue of the act of Congress that has provided for that penalty under the circumstances here presented.

*Id.* at 8.

Following the imposition of this sentence, judgment was entered and filed on the record. Rec. Doc. No. 186. In this judgment, the date the offense of conviction concluded was listed as "8/24/01." *Id.*

# ISSUE

Should this Court deny Rhines' motion to amend his Judgement, Pre-Sentence Report, and Indictment pursuant to Rule 36 of the Federal Rules of Criminal Procedure since there are no conclusive indications in the record that these documents contain clerical errors or errors arising from an oversight or omission?

**Suggested Answer: Yes.**

# DISCUSSION

Rule 36 of the Federal Rules of Criminal Procedure provides as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Fed. R. Crim. P. 36.

As the Third Circuit explained in *United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005), Rule 36 only empowers the district court to correct clerical errors involving a failure to accurately record a statement or action by the court or one of the parties, or to correct errors of oversight or omission in order to conform the record to the intentions of the court or parties. *Id.* at 277-78 & n. 4. Rhines cannot demonstrate that the purported "errors" he is seeking to have this Court correct fall under either category. Each of the three purported errors will be addressed in turn.

## A. The Judgment

Rhines first seeks an amendment to his judgment, arguing that the inclusion of "8/24/01" as the "Date Offense Concluded" was inaccurate by virtue of the fact that counsel stipulated at trial that use of that date in the indictment was an error due to the fact that the actual drug deal occurred a day earlier. *See Rhines Motion*, at 3.

While it may very well be that the drug deal at issue in Rhines's conviction occurred on August 23, 2001, as counsel apparently stipulated to at trial, that does not render the inclusion of the August 24th date in the judgment an error involving a failure to accurately record a statement or action by the court or one of the parties, or an error of oversight or omission. Indeed, this very issue has previously been brought before both this Court and the Third Circuit Court of Appeals, and both courts found an amendment unnecessary.

On August 5, 2013, Rhines filed a similar request asking that this Court change the date on his judgment. *Motion*, Rec. Doc. No. 290. This Court rejected that request on June 2, 2014, noting that, since Rhines is serving a life sentence, the change of a single day is essentially moot. Order, Rec. Doc. No. 293. Rhines appealed this decision, but it was

7

affirmed by the Third Circuit in *United States v. Rhines*, 594 Fed. Appx. 64 (3d Cir. 2015). In that decision, not only did the Third Circuit note that Rhines had failed to demonstrate how the difference of a day had prejudiced him, but it also noted that, independent of Rhines's personal situation (being arrested on August 23, 2001), the crime of which he was accused may very well have concluded on August 24, 2001, as it was a crime in which additional people were involved. *Id.*

As Rhines is simply raising the same request to amend his judgment a second time and has wholly failed to either (a) show how the failure to change the judgment prejudices him; or (b) put forth any evidence that the offense undeniably concluded a day earlier both with regard to himself *and* all others involved in the offense, this request should once again be rejected.

*B. The Indictment*

Rhines also seeks to have the indictment in his case amended to substitute the August 23, 2001, date for the August 24th, 2001 date in Count Three. *Rhines Motion* at 4. His basis is substantially the same as that put forth with regard to the judgment – counsel stipulated at trial

8

that use of that date in the indictment was an error since the actual drug deal occurred a day earlier. *Id.*

This request fails for the same reasons that his request to amend the judgment should be rejected, as was discussed above and will not be repeated here. In addition, however, there is another reason to reject this request – there is nothing factually in error in Count Three of the indictment.

Count three of the indictment begins by alleging that the criminal action took place "on or about the 24th day of August 2001…" *Indictment*, Rec. Doc. No. 1 at 4. Even if the drug transaction at the heart of Count Three took place the day before, as Rhines asserts and counsel apparently stipulated at trial, that statement is still not in error. While the transaction may not have taken place "on" August 24, 2001, if it took place only a day before, it certainly took place "about" August 24, 2001.[1] As a result, once again Rhines has failed to identify an error involving a failure to accurately record a statement or action by

---

[1] *See Webster's New Third International Dictionary (Unabridged)*, Merriam-Webster, 1961, at 5, Definition of "about," entry 3a ("With some approach to exactness in quantity, number or time : APPROXIMATELY").

9

the court or one of the parties, or an error of oversight or omission. As such, his Rule 36 motion should be rejected as to the indictment.

*C. The PSR*

Finally, Rhines seeks to have this court amend his PSR to reflect what he claims is a decision by the sentencing Court to change his calculated criminal history category from a VI to a IV. *Rhines Motion* at 4-5. The record simply does not support Rhines's claim, however. At most it points out an irrelevant point of confusion, and not a clear and unambiguous failure to record a clear decision to alter the PSR.

At Rhines sentencing, after a short discussion of the PSR's guidelines calculation, the Court made the following statement:

> That being the case, the Court adopts the presentence report and guideline application without change. That results under the guidelines with a total offense level of 37, a criminal history category of four. The net result, however, is a mandatory life imprisonment by virtue of the act of Congress that has provided for that penalty under the circumstances here presented.

*Transcript of sentencing*, Rec. Doc. No. 261 at 8.

The first two sentences of this statement are, admittedly, in some tension. The PSR placed Rhines in criminal history category VI. PSR ¶ 27. As such, the Court adopting it and its guideline calculation "without change" would leave it at VI, yet the court then states the criminal

10

history category to be "four." There is no any other indication in the record that the criminal history category was ever reduced to IV. Indeed, in the PSR addendum produced in 2012 as a result of a motion for a sentence reduction, Rhines was still listed as a criminal history category VI.

The government would argue that the reference to a criminal history category of four was simply a misstatement. In any event, at most it leads to some confusion on the issue, and falls far short of showing a clear failure to accurately record a statement or action by the court or one of the parties, or an error of oversight or omission as required by Rule 36.

Moreover, any error is simply irrelevant and not part of the ultimate pronouncement of sentence. As was made clear during the sentencing, the calculation of the guidelines was irrelevant to the sentence Rhines ultimately received. His mandatory sentence of life in prison was dictated by statute – not the guidelines. *See* PSR ¶ 45; *Transcript of Sentencing*, Rec. Doc. No. 261 at 5,8. Thus any argument that this is an "oral pronouncement of judgment" that must trump any conflicting written judgment fails. It was no such oral pronouncement.

11

In short, Rhines has again failed to show a clear error in the record meriting the Rule 36 amendment of his PSR.

# CONCLUSION

Because Rhines cannot show that the record reflects any errors or any intention on the part of this Court or the parties to alter his judgment, indictment or PSR, this Court should DENY his motion to amend those documents pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

Dated: August 24, 2015

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/ STEPHEN R. CERUTTI II
Chief, Criminal Appeals
United States Attorney's Office
Middle District of Pennsylvania
Ronald Reagan Federal Building
Suite 220
228 Walnut Street
Harrisburg, Pennsylvania 17108
717-221-4482
stephen.cerutti@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:01-CR-0310 |
| v. | : | (Jones, J.) |
| GARY RHINES | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 24th day of August, 2015, she served a copy of the attached

**GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION TO AMEND VARIOUS CASE DOCUMENTS PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:

Gary Rhines, #10496-067
FCI ALLENWOOD
P.O. Box 2000
White Deer, PA   17887

/s/ Cindy J. Long
CINDY J. LONG
Legal Assistant